OPINION
{¶ 1} Defendant-appellant Kenneth Osborne ("Osborne") brings this appeal from the judgment of the Court of Common Pleas of Seneca County denying his petition for post-conviction relief.
 {¶ 2} On November 29, 1986, Osborne went to the home of his ex-wife and an argument developed. Osborne became involved in a physical altercation with his ex-wife's sister which resulted in the woman being stabbed. Osborne then raped his ex-wife. After the rape, Osborne called for medical help for his former sister-in-law, but she had already died. Osborne was subsequently indicted for aggravated murder, kidnapping, two counts of rape and one count of attempted rape. In June 1987, a jury found Osborne got guilty of aggravated murder, but guilty of the lesser included offense of murder. The jury also found Osborne not guilty on one of the rape charges, but guilty on the remaining charges. The conviction was appealed and affirmed on September 1, 1988.
 {¶ 3} On September 23, 1996, Osborne filed a petition to vacate and set aside the judgment pursuant to R.C. 2953.21. Osborne filed affidavits indicating that the judge had engaged in ex parte conversation in the jury room and with the victim's family. Osborne also filed an affidavit from his prior attorney stating that the trial court had not permitted him to question the ex-wife about her prior statements to an investigator due to not laying a proper foundation. On October 7, 1996, the trial court denied the petition to vacate the judgment. The trial court, however, did not make findings of fact and conclusions of law at that time. On April 8, 2004, Osborne moved the trial court to make such findings. The trial court subsequently entered findings of fact and conclusions of law on May 31, 2005. Osborne appeals from this judgment and raises the following assignments of error.
The trial court committed prejudicial error by denying Osborne'spetition to vacate and set aside judgment where the petition presentedsufficient operative facts and evidence dehors the trial record that, ifproven, would entitle Osborne to relief.
 The trial court erred in refusing to conduct an evidentiary hearing onOsborne's petition to vacate and set aside when the evidence offered insupport of the petition supported Osborne's claims. The trial court'serror deprived [Osborne] of his constitutional rights to due process asguaranteed by the Fifth and Fourteenth Amendments to the United StatesConstitution.
 {¶ 4} Since Osborne's crime occurred in 1986, the statute dealing with a petition for post-conviction relief in effect at that time is the one which controls this case. That statute provides in relevant part as follows:
(A)(1) Any person who has been convicted of a criminal offense * * *and who claims that there was such a denial or infringement of his rightsas to render the judgment void or voidable under the Ohio Constitution orthe Constitution of the United States may file a petition in the courtthat imposed sentence, stating the grounds for relief relied upon, andasking the court to vacate or set aside the judgment or sentence or togrant other appropriate relief. The petitioner may file a supportingaffidavit and other documentary evidence in support of the claim forrelief.
 (2) A petition under division (A)(1) of this section shall be filed nolater than one hundred eighty days after the date on which the trialtranscript is filed in the court of appeals in the direct appeal of thejudgment of conviction or adjudication * * *.
* * *
(C) * * * Before granting a hearing, the court shall determine whetherthere are substantive grounds for relief. In making such adetermination, the court shall consider, in addition to the petition andsupporting affidavits, all the files and records pertaining to theproceedings against the petitioner, including, but not limited to, theindictment, the court's journal entries, the journalized records of theclerk of the court, and the court reporter's transcript
* * *
(E) Unless the petition and the files and record of the case show thepetitioner is not entitled to relief, the court shall proceed to a prompthearing on the issues even if a direct appeal of the case is pending. * **
* * *
(G) If the court does not find ground for granting relief, it shallmake and file findings of fact and conclusions of law and shall enterjudgment denying relief on the petition.
R.C. 2953.21. A trial court is not permitted to entertain an untimely petition unless 1) the petitioner shows that the facts were not discoverable until this time or 2) that a new right has been recognized by the United States Supreme Court. R.C. 2953.23. The petitioner also must show that but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offenses charged. Id.
 {¶ 5} In the first assignment of error, Osborne claims that the trial court erred in denying his petition. The record used in Osborne's direct appeal was filed on September 29, 1987. Thus, Osborne had until April 26, 1988, to file his petition for post conviction relief. Osborne did not file his petition until September 23, 1996, more than eight years after the deadline. The information contained in the affidavits in support of the petition did not allege any newly discovered evidence or any new constitutional rights. The petition merely alleged that the trial court may have been having improper communications with parties and jurors.[1]
These alleged communications were witnessed by Osborne's family members during the trial. Thus, the evidence could have been discovered prior to the expiration of the deadline. Without an allegation of one of the conditions set forth in R.C. 2953.23, the trial court was prohibited from addressing the petition.
 {¶ 6} Even if the petition had been timely filed, the evidence of trial counsel's alleged ineffectiveness was on the record and was raised on direct appeal. This court previously affirmed the conviction and overruled the claim of ineffective assistance of counsel. Thus, the argument is barred by the doctrine of res judicata. The first assignment of error is overruled.
 {¶ 7} Osborne also claims that the trial court erred by not holding an evidentiary hearing on his petition. As discussed above, Osborne's petition was not timely filed and the record indicates that Osborne was not entitled to relief. Thus, no evidentiary hearing was necessary. The second assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.
[1] This court notes that although the witnesses indicate that the judge laughed and joked with the family of the victim and that the judge spoke to someone in the jury deliberation room, there is no evidence as to the content of these conversations. Thus, there is no way for this court to determine if the conversations were improper.