OPINION
{¶ 1} Having vacated the previously issued opinion in this case, State v. Osbourne,[1] 3rd Dist. No. 13-05-22,2005-Ohio-6170, we issue the following opinion upon motion for reconsideration.
 {¶ 2} Defendant-appellant Kenneth Osbourne ("Osbourne") brings this appeal from the judgment of the Court of Common Pleas of Seneca County denying his petition for post-conviction relief.
 {¶ 3} On November 29, 1986, Osbourne went to the home of his ex-wife and an argument developed. Osbourne became involved in a physical altercation with his ex-wife's sister which resulted in the woman being stabbed. Osbourne then raped his ex-wife. After the rape, Osbourne called for medical help for his former sister-in-law, but she had already died. Osbourne was subsequently indicted for aggravated murder, kidnapping, two counts of rape and one count of attempted rape. In June 1987, a jury found Osbourne not guilty of aggravated murder, but guilty of the lesser included offense of murder. The jury also found Osbourne not guilty on one of the rape charges, but guilty on the remaining charges. The conviction was appealed and affirmed on September 1, 1988.
 {¶ 4} On September 23, 1996, Osbourne filed a petition to vacate and set aside the judgment pursuant to R.C. 2953.21. Osbourne filed affidavits indicating that the judge had engaged in ex parte conversation in the jury room and with the victim's family. Osbourne also filed an affidavit from his prior attorney stating that the trial court had not permitted him to question the ex-wife about her prior statements to an investigator due to not laying a proper foundation. On October 7, 1996, the trial court denied the petition to vacate the judgment. The trial court, however, did not make findings of fact and conclusions of law at that time. On April 8, 2004, Osbourne moved the trial court to make such findings. The trial court subsequently entered findings of fact and conclusions of law on May 31, 2005. Osbourne appeals from this judgment and raises the following assignments of error.
The trial court committed prejudicial error by denyingOsbourne's petition to vacate and set aside judgment where thepetition presented sufficient operative facts and evidence dehorsthe trial record that, if proven, would entitle Osbourne torelief.
 The trial court erred in refusing to conduct an evidentiaryhearing on Osbourne's petition to vacate and set aside when theevidence offered in support of the petition supported Osbourne'sclaims. The trial court's error deprived [Osbourne] of hisconstitutional rights to due process as guaranteed by the Fifthand Fourteenth Amendments to the United States Constitution.
 {¶ 5} In the first assignment of error, Osbourne claims that the trial court erred in denying his petition.
(C) Before granting a hearing, the court shall determinewhether there are substantive grounds for relief. In making sucha determination, the court shall consider, in addition to thepetition and supporting affidavits, all the files and recordspertaining to the proceedings against the petitioner, including,but not limited to, the indictment, the court's journal entries,the journalized records of the clerk of the court, and the courtreporter's transcript.
* * *
(E) Unless the petition and the files and records of the caseshow the petitioner is not entitled to relief, the court shallproceed to a prompt hearing on the issues, hold the hearing, andmake and file written findings of fact and conclusions of lawupon entering judgment.
R.C. 2953.21. The information contained in the affidavits in support of the petition did not allege any newly discovered evidence or any new constitutional rights. The petition merely alleged that the trial court had communications with parties and jurors. These alleged communications were witnessed by Osbourne's family members during the trial. According to the affidavits, the evidence was that the family members saw the judge knock on the door to the jury room, speak to someone inside the door, and leave. No evidence was presented as to what was said. The affidavits also alleged that during jury deliberations, the judge was seen joking with the family members of the victim. However, this was after both sides had rested their case and outside the presence of the jury, so had no effect on the verdict. Without some evidence of impropriety, the trial court did not err in overruling the petition for post-conviction relief.
 {¶ 6} Osbourne also claims that he was denied the effective assistance of counsel. The evidence of trial counsel's alleged ineffectiveness was on the record and was raised on direct appeal. This court previously affirmed the conviction and overruled the claim of ineffective assistance of counsel. Thus, the argument is barred by the doctrine of res judicata. The first assignment of error is overruled.
 {¶ 7} Osbourne next claims that the trial court erred by not holding an evidentiary hearing on his petition. As discussed above, the record indicates that Osbourne was not entitled to relief. Thus, no evidentiary hearing was necessary. The second assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.
[1] It appears that appellant's last name is spelled both "Osbourne" and "Osborne" in the record.